IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| ELIJAH J. BUFFINGTON, | ) ) | CASE NO. 07-80205-G3-7 |
| Debtor, | ) ) | |

### MEMORANDUM OPINION

The court has held a hearing on the "Motion of Debtor to Dismiss Case" (Docket No. 67). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Elijah J. Buffington ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 26, 2007. Robbye R. Waldron is the Chapter 7 Trustee.

In the instant motion, the Debtor seeks dismissal. Debtor's sole articulation of cause for dismissal in the instant motion is that he believes he is able to pay $28,500 toward the administrative expenses of the bankruptcy estate.

In the instant case, the court has previously allowed interim compensation to counsel for the Trustee in the amount of

$36,326.50 for attorney fees and $765.24 for expenses, for the period ending on October 15, 2007. (Docket No. 106).

Debtor testified at the hearing on the instant motion that he believed, when he filed the petition in the instant case, that the assets of his business would be excluded from the bankruptcy estate.

In Debtor's initial schedules, filed with the petition in the instant case, he listed as an asset a 50% interest in a corporation, through which he conducted business. (Docket No. 1).

The corporation, J.D.A.A. Enterprises, Inc. ("JDAA"), forfeited its charter pursuant to Section 171.309 of the Texas Tax Code on August 25, 2006.

This court previously has found that Debtor operated the business as a sole proprietorship prepetition, and after the petition date, continued to operate the business as a sole proprietorship, despite the fact that the assets of the business became property of the bankruptcy estate upon the filing of the petition. (Docket No. 26, Adv. No. 07-8015).

In Adversary No. 07-8015, the court entered a temporary restraining order and a preliminary injunction which, inter alia, enjoined Debtor from entering the JDAA warehouse, operating the business, or disposing of assets, and required him to turn over the records and assets of JDAA to Trustee. (Docket Nos. 9, 19,

Adv. No. 07-8015).

At the hearing on the instant motion, when Debtor was questioned regarding his continued operation of the business postpetition, and after entry of the temporary restraining order, he repeatedly invoked his right against self-incrimination pursuant to the Fifth Amendment of the United States Constitution.

### Conclusions of Law

Section 707(a) of the Bankruptcy Code governs dismissal of a Chapter 7 case other than on motion of the United States trustee.  That section provides in pertinent part:  "The court may dismiss a case under this chapter only after notice and a hearing and only for cause."

Section 707(a) does not provide an exhaustive list of factors to be considered in determining whether good cause exists to dismiss a bankruptcy petition.  The court must balance the equities and weigh the benefits and prejudices of dismissal. Matter of Atlas Supply Corp., 857 F.2d 1061 (5th Cir. 1988).

The burden of proof is on the party seeking dismissal. In re McDaniel, 350 B.R. 616 (Bankr. M.D. Fla. 2006); In re Stephenson, 262 B.R. 871 (Bankr. W.D. Okla. 2001).

In the instant case, Debtor continues to retain property of the bankruptcy estate, and remains evasive when questioned as to its whereabouts.  Debtor's willingness to repay

a portion of the administrative expenses of the bankruptcy estate begins to address only the administrative expenses of the bankruptcy, and not the claims of creditors.  The court concludes that Debtor has failed to meet the burden of proof as to cause for dismissal.

Based on the foregoing, a separate Judgment will be entered denying the "Motion of Debtor to Dismiss Case" (Docket No. 67).

Signed at Houston, Texas on November 20, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE