IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ELIJAH J. BUFFINGTON, | ) | CASE NO. 07-80205-G3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

ENTERED
12/11/2007

### MEMORANDUM OPINION

The court has held a hearing on the "Trustee's Emergency Motion for Turnover of Estate Property" (Docket No. 74).[1] The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Elijah J. Buffington ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 26, 2007. Robbye R. Waldron is the Chapter 7 Trustee.

In the instant motion, Trustee seeks an order directing Debtor to turn over to Trustee 290 helium tanks, a 2000 Ford Excursion, a 1999 Lincoln Navigator, two 2003 Ford F-150 trucks,

---

[1] Although the motion requested relief on an emergency basis, the motion was denied as to emergency. The motion was filed on October 16, 2007. The court held an evidentiary hearing on December 7, 2007.

a 2000 Ford Expedition, a 1988 Chevrolet Van, a 1982 Hyundai truck, and inventory, which Trustee asserts consists of "party supplies, tables, chairs, catering supplies, chaffing dishes, and other various party rental equipment." Additionally, Trustee seeks an order compelling Debtor to provide an affidavit describing the precise physical location of the helium tanks. (Docket No. 74).

Debtor was married to Brenda Buffington on February 12, 1975. (Trustee Exhibit 8). Debtor and Brenda Buffington were divorced, by decree entered January 22, 1980. (Debtor Exhibit 1). Debtor and Brenda Buffington remarried, on October 3, 1980. (Trustee Exhibit 8).

Debtor testified that he and Brenda Buffington were subsequently divorced a second time. This testimony is not credible. Debtor is unable to recall a date of a second divorce, or to produce documentary evidence of a second divorce. Debtor represented, in a deed of trust executed June 4, 1999, that Brenda Buffington was his wife. (Trustee's Exhibit 17). Debtor testified that he drove to the hearing on the instant motion in a Ford Excursion vehicle titled in Brenda Buffington's name. The court finds, for purposes of the instant motion only, that Debtor remains married to Brenda Buffington.

Debtor previously operated a business. Debtor and Brenda Buffington owned the shares in J.D.A.A. Enterprises, Inc.,

2

d/b/a Complete Party Store ("JDAA"), until Brenda Buffington conveyed her shares in the corporation to Debtor on September 2, 2005. JDAA forfeited its corporate charter on August 25, 2006. (Docket No. 56, at p. 2).

On April 26, 2007, Debtor filed the petition in the instant Chapter 7 case. Debtor has continued to assert that, even though the petition in the instant case identifies the instant case as a case under Chapter 7 of the Bankruptcy Code, the instant case is a case under Chapter 13 of the Bankruptcy Code. That assertion is without merit.

On August 3, 2007, after the Chapter 7 Trustee learned that Debtor was still operating the business, the Trustee filed Adversary Proceeding No. 07-8015, seeking imposition of a temporary restraining order.

On August 8, 2007, following a contested hearing, the court entered a temporary restraining order, <u>inter</u> <u>alia</u> prohibiting Debtor, his family, agents, or representatives and JDAA from entering the JDAA warehouse, removing assets, inventory, equipment or other property, representing that they owned property in the warehouse, spending any revenues derived from the business (other than $1,000 for living expenses), and secreting the assets. The order also required that Debtor turn over to Trustee all documents related to JDAA, as well as all funds other than the $1,000 for living expenses. (Docket No. 9,

Adv. No. 07-8015). The court subsequently entered a preliminary injunction extending the prohibitions in the temporary restraining order, and authorizing Trustee to change the locks in the warehouse. (Docket No. 19, Adv. No. 07-8015).

As to the vehicles identified in the instant motion, Trustee seeks turnover of a 2000 Ford Excursion. Debtor testified that he has that vehicle in his possession, and that he drove that vehicle to the hearing. He testified that title to the vehicle is held by Brenda Buffington.

Trustee seeks turnover of a 1999 Lincoln Navigator. Debtor testified that the vehicle is in Brenda Buffington's possession. He testified that he has title to the 1999 Lincoln Navigator.

Trustee seeks turnover of two 2003 Ford F-150 pickup trucks. Debtor testified that he has the vehicles in his possession. He testified that JDAA has title to the vehicles.

Trustee seeks turnover of a 1988 Chevrolet Van. Debtor testified that he previously turned this vehicle over to Trustee's counsel.

Trustee seeks turnover of a 1982 Hyundai. Debtor testified that that he previously turned this vehicle over to Trustee's counsel.

Trustee seeks turnover of a 2000 Ford Expedition. Trustee presented no evidence as to the 2000 Ford Expedition.

4

Debtor has declared the 2000 Ford Expedition as exempt. (Docket No. 22). Trustee's objection to Debtor's exemptions remains pending. (Docket No. 20).

Trustee presented no evidence as to inventory. As to the helium tanks identified in the instant motion. Debtor has testified that the tanks are located at the premises of JDAA's customers. He testified that he believes he has satisfied his duty to turn over the tanks by delivering to Trustee the documents he believes are in his possession.

## Conclusions of Law

The filing of a petition under Chapter 7 of the Bankruptcy Code creates a bankruptcy estate, comprised of all of the Debtor's legal or equitable interests in property, as of the commencement of the case. The bankruptcy estate includes the property of the debtor, wherever it is located, and by whomever it is held. 11 U.S.C. § 541(a).

A Chapter 7 Trustee is required to collect and reduce to money the property of the bankruptcy estate. 11 U.S.C. § 704(a)(1).

With exceptions not pertinent to the instant case, an entity in possession, custody, or control of property that the trustee may use, sell, or lease, or that the debtor may exempt, shall deliver to the trustee, and account for, such property or the value of such property. 11 U.S.C. § 542(a).

Section 542(a) applies to require the debtor in a Chapter 7 case to turn over property of the bankruptcy estate to the Chapter 7 Trustee. In re Wright, 371 B.R. 472 (Bankr. D. Kan. 2007); In re Minter-Higgins, 366 B.R. 880 (Bankr. N.D. Ind. 2006); In re Sawyer, 324 B.R. 115 (Bankr. D. Ariz. 2005). This requirement operates without the necessity of a court order or application. In re Metromedia Fiber Network, Inc., 290 B.R. 487 (Bankr. S.D.N.Y. 2003).

The property which a trustee may use, sell, or lease includes property of the bankruptcy estate, and also includes property in which both the bankruptcy estate and a co-owner own an interest. 11 U.S.C. § 363.

Under Texas law, a marriage is presumed to continue until it is dissolved. Tex. Fam. Code § 1.101; Zieben v. Krakower, 346 S.W.2d 401 (Tex. Civ. App.--Houston 1961, writ ref. n.r.e.). Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Tex. Fam. Code § 3.003(a). The court concludes that the property identified as to which Debtor testified that Brenda Buffington holds title, is property which the Trustee may use, sell, or lease pursuant to Section 363 of the Bankruptcy Code. Thus, the property is subject to the requirement that Debtor turn over the property pursuant to Section 542 of the Bankruptcy Code.

6

Under Texas law, forfeiture of a corporate charter by the Secretary of State for non-payment of taxes acts as a dissolution of the corporation. In re ABZ Ins. Services, Inc., 245 B.R. 255 (Bankr. N.D. Tex. 2000).

Under Texas law, upon the dissolution of a corporation wholly owned by an individual shareholder, all assets and debts of the corporation become assets and debts of the individual shareholder. Courseview, Inc. v. Phillips Petroleum Corp., 312 S.W.2d 197 (Tex. 1957).

Texas law provides for the power to reinstate a dissolved corporation. Tex. Bus. Corp. Act Art. 7.01.E. That power is a property right which became property of the bankruptcy estate in the instant case. See Gano v. Filter-Aid Corp., 414 S.W.2d 480 (Tex. Civ. App.--Austin 1967, n.w.h.).

In the instant case, Debtor has a duty to turn over to the Trustee the property within his possession, custody, or control which the Trustee may use, sell, or lease. That property includes the Ford Excursion (as to which Debtor has possession), the Lincoln Navigator (as to which Debtor has control, as the title owner), the two Ford F-150 pickups, and the two vehicles Debtor testified he has already turned over. Debtor's duty is not alleviated or satisfied by contending that Brenda Buffington or JDAA holds title, or that an entity holds a lien, in particular property. Debtor's duty also extends to the inventory

of the former JDAA business, to the extent it is in his possession.

To the extent the inventory, helium tanks, and Debtor's other non-exempt assets are not in Debtor's possession, Debtor has a duty to cooperate with the Trustee in collecting those assets and reducing them to money.  See 11 U.S.C. § 521(a)(3). The court finds that the duty to cooperate with respect to the helium tanks may be satisfied by either 1) personally recovering and delivering the helium tanks to Trustee; or 2) providing Trustee with an affidavit detailing, as to each tank, its precise location, the identity of Debtor's contact person with respect to the entity in possession, and the telephone number of each such person.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on December 10, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE