

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| ELIJAH J. BUFFINGTON, | ) | CASE NO. 07-80205-G3-7 |
| Debtor, | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion to Settle and Compromise" (Docket No. 170) filed by the Chapter 7 Trustee. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Elijah J. Buffington ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 26, 2007. Robbye R. Waldron is the Chapter 7 Trustee.

Prior to the petition in the instant case, Debtor asserted two claims against Air Gas Southwest, Inc ("Air Gas"). In 2006, Debtor filed suit, in the 405th Judicial District Court

of Galveston County, Texas, asserting commercial tort claims based on his assertion that Air Gas delivered less helium than he had purchased.  Debtor also asserted a personal injury claim, based on his assertion that his back was injured on Air Gas's premises.  On the petition date, Debtor had not filed suit on the personal injury claim.

Debtor failed to list his commercial tort claim against Air Gas in his schedules, and also failed to list his personal injury claim against Air Gas in his schedules.

In the instant case, Debtor initially asserted that he owned a corporation, and conducted a business through that corporation.  This court held, in a Memorandum Opinion entered September 18, 2007, that the corporation had forfeited its charter, such that the assets of the corporation became property of Debtor, and therefore, property of the bankruptcy estate. (Docket No. 26, Adv. No. 07-8015).

On June 3, 2008, postpetition, Debtor filed pro se a suit against Air Gas on the personal injury claim, in the 212th Judicial District Court of Galveston County, Texas.

In the instant motion, Trustee seeks to compromise both claims with Air Gas.  The proposed compromise calls for Air Gas to pay $10,000 to the bankruptcy estate, and release its $16,571.36 proof of claim.

Debtor opposes the settlement.  Debtor asserts that he previously had an attorney who could negotiate a settlement of the claims for $86,000.  Debtor presented no documentary evidence of an agreement to settle for $86,000.  The court finds this testimony not credible.

Texas First Bank also filed a limited objection.  The bank asserts that it has a lien in the settlement funds.  Texas First Bank states that it objects to any surcharge of the settlement funds.  (Docket No. 172).

Trustee testified that he believes resolution of the underlying suits, if they were to go to trial, would depend to a great extent on the testimony of Debtor.  He testified that he believes Debtor's testimony is generally unpersuasive, because he does not believe Debtor's testimony is truthful.[1]  Trustee testified that he has concerns as to the validity of the claims asserted by Debtor.  Trustee testified that he has agreed with Texas First Bank to hold the funds from the settlement, if it is approved, in escrow, pending a determination as to whether its lien extends to the funds.

## Conclusions of Law

In deciding whether to approve a settlement of litigation, the court should consider the terms of the compromise

---

[1] The court makes no finding, for the purpose of the instant motion, as to whether Debtor's testimony in this case has been truthful.  The court's finding is relevant only as to Trustee's belief as to the value of the underlying suit.

3

in comparison with the likely rewards of litigation.  The court must evaluate:  1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; 2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and 3) all other factors bearing on the wisdom of the compromise.  <u>Matter of Cajun Elec. Power Cooperative, Inc.</u>, 119 F.3d 349 (5th Cir. 1997), <u>citing</u> <u>In re Jackson Brewing Co.</u>, 624 F.2d 599 (5th Cir. 1980).

Under the third "catch-all" provision, the court should consider the best interests of the creditors, with proper deference to their reasonable views, and the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion.  <u>In re Foster Mortgage Corp.</u>, 68 F.3d 914 (5th Cir. 1995).

In the instant case, Trustee has identified as considerations significant factual uncertainty as to the causes of action asserted against Air Gas, which would lead to the risk of an uncertain result.  In addition, the Debtor has as yet failed to schedule as assets the two claims he believes can be asserted against Air Gas.  The Debtor's failure to do so may conceivably support a determination that Debtor's recovery was barred by judicial estoppel, resulting in zero recovery for Debtor.  <u>See</u> <u>e.g.</u>, <u>Jethroe v. Omnova Solutions, Inc.</u>, 412 F.3d 598 (5th Cir. 2005).  Debtor's failure to schedule the claims

also may conceivably support a determination that the claims remain property of the bankruptcy estate.  See e.g., In re Wischan, 77 F.3d 875 (5th Cir. 1996).

Under Bankruptcy Rule 1009(a), the schedules may be amended at any time before the case is closed.  In the instant case, Debtor could conceivably amend the schedules to include the claims against Air Gas.  In addition, Debtor could conceivably amend his claim of exemptions to assert an exempt interest in a portion of the recovery.

The court notes that counsel for Trustee in this case has asserted, in other cases, that a late amendment to schedules does not change the exemptions.  It is possible that Trustee may object to Debtor's claim of exemptions, thus increasing further the administrative expenses in this case, if Debtor should amend the exemptions to assert an interest in a portion of the recovery.

In light of the uncertain result in litigation, the cost of litigation, the amount of the negotiated settlement, the amount in controversy, the Trustee's business judgment as to this amount and the factors that went into that judgment, and the potential that Debtor may seek to exempt a portion of any recovery on the personal injury claim, the court has determined to approve the settlement.  The court does not reach the question of disbursement of the settlement funds at this time.  However,

the court will order that any amendment of Debtor's schedules seeking to exempt any portion of the settlement funds be filed within ten days.[2]

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on August 12, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court makes no determination at this time as to whether such an amendment would be effective.