IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| ELIJAH J. BUFFINGTON, | ) ) | CASE NO. 07-80205-G3-7 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held a hearing on "Bayview's Motion for Relief from Automatic Stay" (Docket No. 212). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Elijah J. Buffington ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 26, 2007. Robbye R. Waldron is the Chapter 7 Trustee.

In the instant motion, Bayview Loan Servicing, LLC ("Bayview") seeks relief from stay regarding real property located at 17 Brock Road, Hattiesburg, Mississippi.

On August 12, 2005, Brenda Buffington, who is either the spouse or former spouse of Debtor[1], executed a note, in the original principal amount of $105,520.00 payable to Premier Mortgage Funding. (Bayview Exhibit C).

On the same date, Debtor and Brenda Buffington purportedly executed a deed of trust with respect to the property. (Bayview Exhibit B). Debtor argues that the signature purporting to be his signature on the deed of trust is not his signature.

Rick Byers, the Bankruptcy Coordinator for Bayview, testified that Bayview is currently the owner and holder of the note. He testified that the amount due on the note is $137,043.05.

As evidence of the value of the property, Bayview presented a tax appraisal of Forrest County, Mississippi, the county in which the property is located. The tax appraisal lists the value of the property to be $101,800. (Bayview Exhibit E).

Debtor testified that the property is or was occupied by Brenda Buffington. He testified that Debtor's son resides with Debtor, in Texas.

Brenda Buffington filed a case under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi. That case was dismissed, by

---

[1]The court makes no finding, for the purpose of the instant motion, as to the marital status of the Debtor.

order entered April 27, 2009.  (Bayview Exhibit H).  Prior to dismissal of the case filed by Brenda Buffington, on January 27, 2009, the United States Bankruptcy Court for the Southern District of Mississippi entered an order granting Bayview's motion for relief from the automatic stay in that case, as to the subject property.  (Bayview Exhibit G).

Debtor argues that he believes Brenda Buffington has been deprived of an interest in the property as a result of activities in his Chapter 7 case.  He argued that Brenda Buffington should remain in possession of the property.

<u>Conclusions of Law</u>

Under Section 362(d)(2) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay, such as by terminating, annulling, modifying, or conditioning such stay, with respect to an act against property, if the debtor does not have equity in the property, and the property is not necessary to an effective reorganization.  11 U.S.C. § 362(d)(2).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property.  The party opposing such relief has the burden of proof on all other issues.  11 U.S.C. § 362(g).

"Equity" as used in Section 362(d) means the difference between the value of the subject property and the

encumbrances against it.  Matter of Sutton, 904 F.2d 327 (5th Cir. 1990).

In the instant case, the only evidence as to the value of the property is the tax appraisal of Forrest County, Mississippi.  The court concludes, for the purpose of the instant motion only, that the value of the property is $101,800.

On the evidence presented, the property is encumbered by the debt owed to Bayview, in the amount of $137,043.05.  The court concludes that Debtor does not have equity in the property.

As to the question of the necessity of the property for an effective reorganization, Debtor testified that he and his child do not occupy the property.  Debtor is in Chapter 7, in which no reorganization is contemplated.  The stay has previously been lifted as to the sole occupant of the property, Brenda Buffington, in her own Chapter 7 case.  The court concludes that Debtor has failed to satisfy his burden of proof with respect to the necessity of the property for an effective reorganization.

Accordingly, the court concludes that the stay should be lifted, to permit Bayview, Debtor, and Brenda Buffington to exercise their rights, including any defenses to which Debtor or Brenda Buffington may believe themselves to be entitled, under state law.

Based on the foregoing, a separate Judgment will be entered, granting "Bayview's Motion for Relief from Automatic

Stay" (Docket No. 212).

Signed at Houston, Texas on June 15, 2009.

*[signature]*

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE