IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ELIJAH J. BUFFINGTON, | ) | CASE NO. 07-80205-G3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Motion to Compromise Controversy under Bankruptcy Rule 9019 with Glen Michael Sharp" (Docket No. 223) filed by Robbye R. Waldron, the Chapter 7 Trustee in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion as to events that occurred on or before April 26, 2007. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Elijah J. Buffington ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 26, 2007. Robbye R. Waldron ("Trustee") is the Chapter 7 Trustee.

Glen Michael Sharp signed the petition as Debtor's attorney of record. On August 21, 2007, Sharp moved to withdraw as Debtor's attorney. The motion was granted, by order entered

August 24, 2007. (Docket No. 39).[1]

During 2008, Debtor filed a legal malpractice suit against Sharp, in the 212th Judicial District Court of Galveston County, Texas.

In the instant motion, Trustee seeks approval of a compromise of the claims brought by Debtor against Sharp based on Sharp's prepetition representation of Debtor. Trustee has not asserted in the instant motion that the estate owns any causes of action other than those based on Sharp's prepetition representation of Debtor. The compromise calls generally for Sharp to pay $30,000 to the bankruptcy estate, and for the causes of action asserted in the state court that arose or are related to events that occurred on or before April 26, 2007 to be dismissed with prejudice.

Debtor opposes the instant motion. Debtor asserts that Trustee waited until two days before the state court trial as an improper litigation tactic, threatened the attorney who represented him with respect to the state court suit, and has incorrectly asserted that all causes of action before the state court are property of the bankruptcy estate.

With respect to the proposed compromise, Trustee

---

[1] Debtor subsequently was represented by Thomas F. Jones III, until Jones' motion to withdraw was granted on January 15, 2008. (Docket No. 145). Debtor has appeared pro se since Jones' withdrawal.

2

testified that he reviewed the state court file with his counsel. He testified that he determined that claims asserted by the Debtor were property of the estate.  He testified that he considered the merits of the claims raised by Debtor, the limited available insurance, the credibility of the Debtor, and a purported expert report filed by Debtor in the state court case, in determining to settle.  He testified that the settlement was negotiated at arms length with counsel for Sharp.  He testified that he believes the settlement is in the best interest of the estate.

Debtor testified that, two days before trial in the state court suit, counsel for Trustee delivered a letter to Debtor's state court counsel, informing Debtor's state court counsel that Trustee would sue Debtor's state court counsel, in his individual capacity, if Debtor's state court counsel continued with the state court suit.  The letter is not in evidence.

Debtor testified that he has filed a third amended petition in the state court, asserting causes of action accruing after the date of filing of the Chapter 7 petition in the instant case.

## Conclusions of Law

Federal bankruptcy law determines the scope of a debtor's bankruptcy estate.  See United States v. Whiting Pools,

3

Inc., 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

Pursuant to section 541(a) of the Bankruptcy Code, the bankruptcy estate consists of all "legal or equitable interests ... in property as of the commencement of the case." 11 U.S.C. § 541(a).  The reference to all "legal or equitable interests" includes any "causes of action belonging to the debtor at the time the case is commenced." Louisiana World Exposition v. Federal Ins. Co., 858 F.2d 233 (5th Cir. 1988).

A debtor's pre-petition rights in property, such as a cause of action, are determined according to state law.  Butner v. United States, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).  State law determines (1) whether the debtor, as opposed to someone else, had a property interest in a right of action as of the commencement date, and (2) whether a right of action accrued pre-petition, and hence belonged to the estate, or post-petition.  In re Segerstrom, 247 F.3d 218 (5th Cir. 2001).

In In re Swift, 129 F.3d 792 (5th Cir. 1997) the Fifth Circuit analyzed the accrual of a cause of action under Texas law in the context of a bankruptcy case:

> The accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued...it is not necessary to know immediately the type and extent of that injury.  All that is needed is a specific and concrete risk of harm to the party's interest.

129 F.3d, at 795-796.

Under Texas law, A cause of action for legal

malpractice accrues when the client sustains a legal injury or, in cases governed by the discovery rule, when the client discovers or should have discovered the facts establishing the elements of a cause of action.  Hughes v. Mahaney & Higgins, 821 S.W.2d 154 (Tex. 1991).  The court concludes that, in the instant case, all causes of action that arose or are related to events that occurred on or before April 26, 2007 are property of the bankruptcy estate.

In deciding whether to approve a settlement of litigation, the court considers the terms of the compromise in comparison with the likely rewards of litigation.  The court evaluates:  1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; 2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and 3) all other factors bearing on the wisdom of the compromise.  Matter of Cajun Elec. Power Cooperative, Inc., 119 F.3d 349 (5th Cir. 1997), citing In re Jackson Brewing Co., 624 F.2d 599 (5th Cir. 1980).

Under the third "catch-all" provision, the court should consider the best interests of the creditors, with proper deference to their reasonable views, and the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion.  In re Foster Mortgage Corp., 68 F.3d 914 (5th Cir. 1995).

In the instant case, the uncontroverted evidence is that the settlement of the prepetition claims raised by Debtor that arose or are related to events that occurred on or before April 26, 2007 is in the best interest of the estate. Trustee's testimony is that his counsel has negotiated at arms length with Sharp's counsel, and has taken into consideration the difficulty of collection of proceeds beyond available insurance. The court concludes that the proposed compromise should be approved.

This court makes no determination as to the viability or value of any cause of action that arose or is related to events that occurred after April 26, 2007. Nothing in the proposed compromise prevents Debtor from prosecuting any cause of action that arose or is related to events that occurred after April 26, 2007.

Based on the foregoing, a separate Judgment will be entered granting the "Motion to Compromise Controversy under Bankruptcy Rule 9019 with Glen Michael Sharp" (Docket No. 223).

Signed at Houston, Texas on April 30, 2010.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE