

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ENTERED
02/09/2011

| | |
|---|---|
| ELIJAH J. BUFFINGTON, § | |
| § | |
| Appellant § | CIVIL ACTION NO. 3:10-CV-0184 |
| § | |
| VS. § | BANKRUPTCY CASE NO. 07-80205 |
| § | |
| ROBBYE R. WALDRON, TRUSTEE § | |
| § | |
| Appellee § | |

## MEMORANDUM AND ORDER

**I.**

This case is on appeal from the Order of the Bankruptcy Court authorizing a compromise of a dispute between the debtor/appellant, Elijah T. Buffington and his bankruptcy attorney, Glenn Michael Sharp. The appellee/trustee sought by motion, pursuant to Bankruptcy Rule 9019, and in behalf of the bankruptcy estate to compromise the debtor/appellant malpractice suit against Sharp. After a careful review of the record of proceedings, the briefs of the parties and the relevant law, the Court is of the opinion that the debtor/appellant should not prevail on his appeal.

**II.**

The facts giving rise to the debtor/appellant's suit against Sharp are relatively undisputed. The debtor/appellant was in the business of selling and renting party supplies and helium tanks. The Internal Revenue Service placed a lien on the debtor/appellant's business in 2006 and he consulted with Sharp concerning filing a petition in bankruptcy. According to debtor/appellant, he sought to file a Chapter 13 petition in order that the IRS lien might be released and he could continue his business. Instead, Sharp filed a Chapter 7 petition which essentially meant that he

was seeking to liquidate his business and perhaps other assets. Nevertheless, the debtor/appellant continued to operate his business as a sole proprietorship. The business had been operated as a corporation, J.D.A.A. Enterprises, Inc. However, on or about August of 2006, the state charter for J.D.A.A. was forfeited.

According to the debtor/appellant, he was of the view that the assets of his business would be excluded from the bankruptcy estate. Therefore, he reaffirmed his note obligation at his bank in 2007 secured by real estate and his business assets and property. In August of 2007, the Chapter 7 Trustee intervened and secured an injunction against the debtor/appellant prohibiting the transfer of the former business' assets and seeking a turnover. It was at this point that the debtor/appellant realized that Sharp had failed to file a Chapter 13 petition. He sought unsuccessfully to convert his Chapter 7 to a Chapter 13 proceeding. The debtor/appellant also sought to dismiss the bankruptcy case but, again, was unsuccessful. Therefore, in 2008, the debtor/appellant filed a lawsuit against Sharp in state court. *See* [*Buffington v. Sharp*, Cause No. 08cv0830—212th Judicial District Court, Galveston County, Texas.].

The trustee/appellee intervened in the Buffington/Sharp suit in behalf of the bankruptcy estate for the purpose of compromising the suit. Sharp was to pay the bankruptcy estate $30,000 in exchange for the dismissal of all malpractice claims against him. Various other motions and legal moves were made by the debtor/appellant, all to no avail. After a full hearing before the bankruptcy court, the court held that the malpractice suit was property of the bankruptcy estate. Therefore, the trustee/appellee had the right and authority to prosecute and/or settle the Buffington/Sharp suit. This appeal ensued.

### III.

On appeal, the bankruptcy court's findings of fact are reviewed under the "clearly erroneous" standard while its conclusions of law are reviewed *de novo*. *See In re Schaffer*, 515 F.3d 424 (5th Cir. 2008). Here, where the findings of fact are not challenged, they are accepted as proper resulting in a determination only on the question of whether the court made a proper application of law to the found facts. As pointed out by the debtor/appellant, the question of error, if any turns on the question of whether the Buffington/Sharp malpractice suit is property of the bankruptcy estate. *See Matter of Segerstrom*, 247 F.3d 218 (5th Cir. 2001). "If a legal malpractice cause of action has accrued to a debtor as of the commencement of the bankruptcy case, federal law provides that it becomes part of the debtor's bankruptcy estate." *See* 11 U.S.C.§ 541(a); *see also Matter of Segerstrom*, 247 F.2d at 224.

### IV.

The debtor/appellant argues that whether his malpractice suit is property of the bankruptcy estate turns on state law and the date of accrual. *Id*. Citing then to *Willis v. Maverick*, 760 S.W.2d 642, 643 (Tex. 1988), the debtor/appellant argues that the bankruptcy court committed error when it reasoned and determined that the debtor/appellant's malpractice suit is "rooted in pre-petition advice" and therefore constitutes property of the bankruptcy estate.

The trustee/appellee asserts that the bankruptcy court did not abuse its discretion when it found that the settlement was in the best interest of the bankruptcy estate [fair and equitable] and that the malpractice suit claims events that occurred prior to the date that the bankruptcy petition was filed. The trustee/appellee does not address the latter issue, the debtor/appellant's primary

issue, of whether the determination by the bankruptcy court that the events that gave rise to the malpractice suit occurred prior to the date that the petition was filed.

## V.

It is undisputed that prior to the filing of the petition for bankruptcy, the debtor/appellant and his attorney, Sharp, discussed the filing of a petition in bankruptcy and prepared documents for that purpose. The documents, however, sought relief under Chapter 7 as opposed to Chapter 13, as intended by the debtor/appellant. Therefore, the acts that constitute malpractice occurred prior to the filing of the petition in bankruptcy. The errors of Sharp became merged in the filing events and therefore ended at the time of his filing. Hence, the filing of the petition simply evidenced Sharp's errors.

The debtor/appellant argues, however, that the cause of action accrued, according to state law, when he discovered Sharp's error, relying on the reasoning in *Willis v. Maverick*. Reliance on *Willis* and other cases cited dealing with the discovery rule and how it should apply in the face of the state statute of limitations is misplaced. The debtor/appellant does not have a statute of limitations problem where an equitable rule is needed to save his suit. And, where equity does not apply, the law is straightforward. Hence, the question is when did the debtor/appellant suffer injury or harm. That event became manifest on April 26, 2007, when Sharp filed the bankruptcy petition. *See In re: Swift*, 129 F.2d 792, 795 (5th Cir. 1997). However, the malpractice was not the filing but the erroneous preparation of a Chapter 7 petition. The fact that the defendant/appellant did not discover the injury for several months does not change the date of injury. It merely marks the date when the state statute of limitations may apply for purposes of commencing a suit.

Therefore, the Court is of the opinion that the bankruptcy court did not commit legal error or abuse its discretion in approving a compromise settlement between the trustee/appellee and Sharp, the appellant's attorney because the malpractice suit constituted property of the bankruptcy estate.

The judgment of the Bankruptcy Court is AFFIRMED.

SIGNED at Houston, Texas this 9th day of February, 2011.

_____
Kenneth M. Hoyt
United States District Judge